Hon. _____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT TACOMA

_____

UNITED STATES OF AMERICA,
ON BEHALF OF THE NATIONAL
OCEANIC AND ATMOSPHERIC
ADMINISTRATION AND THE
UNITED STATES DEPARTMENT
OF THE INTERIOR;
THE STATE OF WASHINGTON
THROUGH THE WASHINGTON
DEPARTMENT OF ECOLOGY;
MUCKLESHOOT INDIAN TRIBE; and
PUYALLUP TRIBE OF INDIANS

Plaintiffs,

v.

FOSS MARITIME COMPANY, and
MARITIME INDUSTRIES NORTHWEST,
INC.,

Defendants.
_____

No.

COMPLAINT

Plaintiffs United States of America, by authority of the Attorney General,
on behalf of the National Oceanic and Atmospheric Administration of the
Department of Commerce and the Department of the Interior; State of

COMPLAINT

U. S. DEPARTMENT OF JUSTICE
601 D  St., NW
Washington, DC 20004
(202) 514-1210

1  Washington through the Washington Department of Ecology; Puyallup Tribe of

2  Indians; and Muckleshoot Indian Tribe, allege as follows:

3  I. GENERAL ALLEGATIONS

4      1.      This is a civil action under section 107(a) of the Comprehensive

5  Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C.

6  § 9607(a); section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321; section

7  1002(b) of the Oil Pollution Act (OPA), 33 U.S.C. § 2702(b); and the Model

8  Toxics Control Act (MTCA), RCW 70.105D, for damages for injury to,

9  destruction of, or loss of natural resources resulting from the release of hazardous

10  substances and discharges of oil into the MiddleWaterway of the Commencement

11  Bay/Nearshore Tideflats Superfund site in Tacoma, Washington.

12  II.  JURISDICTION AND VENUE

13      2.      This Court has jurisdiction over this case pursuant to sections 107

14  and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b); section 311(n) of the

15  CWA, 33 U.S.C. § 1321(n); section 1017(b) of OPA, 33 U.S.C. § 2717(b); and 28

16  U.S.C. §§ 1331, 1345 and 1367(a).

17      3.      Venue is proper in this district pursuant to section 113(b) of

18  CERCLA, 42 U.S.C. § 9613(b); section 1017(b) of OPA, 33 U.S.C. § 2717(b);

19  and 28 U.S.C. § 1391(b) and (c).

20  III.  THE SITE

21      4.      The Middle Waterway is a highly industrialized area that opens into

22  Commencement Bay in Tacoma, Washington.

23      5.      The "Middle Waterway" as used in this Complaint means any

24  portion of the Middle Waterway (including the shoreline, intertidal areas,

25  tributaries, estuaries and bottom sediments) in the State of Washington where

26  hazardous substances and oil originating from the facilities identified below that

27  have been owned or operated by the Defendants have come to be located.

28

U. S. DEPARTMENT OF JUSTICE
601 D  St., NW
Washington, DC 20004
(202) 514-1210

1    6.    "Commencement Bay" as used in this Complaint means any portion

2    of Commencement Bay (including the shoreline, intertidal areas, tributaries,

3    estuaries and bottom sediments) lying south of a line drawn from Point Defiance

4    to Dash Point.  This area includes but is not limited to the Commencement

5    Bay/Nearshore Tideflats Superfund site.

6    7.    The Middle Waterway and Commencement Bay are contaminated

7    with a variety of hazardous substances, including arsenic, antimony, cadmium,

8    chromium, copper, mercury, nickel, lead, zinc, bis(2 ethylhexyl) phthalate,

9    hexachlorobenzene, hexachorobutadiene, polychlorinated biphenyls (PCBs), and

10   polycyclic aromatic hydrocarbons (PAHs).  Overall, the Trustees have

11   documented the presence of approximately 20 hazardous substances in the marine

12   sediments of the Middle Waterway.

13   8.    The Middle Waterway and Commencement Bay are navigable

14   waters within the meaning of section 1001(21) of OPA, 33 U.S.C. § 2701(21),

15   and section 502(7) of the CWA, 33 U.S.C. § 1362(7).

16                                    IV.  PLAINTIFFS

17   9.    Pursuant to section 107(f) of CERCLA, 42 U.S.C. § 9607(f), section

18   1006 of OPA, 33 U.S.C. § 2706, section 311(f)(5) of the CWA, 33 U.S.C. §

19   1321(f)(5), and 40 C.F.R. § 300.600, the United States is trustee for certain

20   natural resources in Commencement Bay.

21   10.   Pursuant to section 107(f) of CERCLA, 42 U.S.C. § 9607(f),  section

22   1006 of OPA, 33 U.S.C. § 2706, section 311(f)(5) of the CWA, 33 U.S.C. §

23   1321(f)(5), 40 C.F.R. § 300.605, Ch. 43.21A RCW, Ch. 70.105D RCW, and Ch.

24   90.48 RCW, the State of Washington is trustee for certain natural resources in

25   Commencement Bay.

26

27

28

U. S. DEPARTMENT OF JUSTICE
601 D  St., NW
Washington, DC 20004
(202) 514-1210

11.     Pursuant to section 107(f) of CERCLA, 42 U.S.C. § 9607(f),  section 1006 of OPA, 33 U.S.C. § 2706, and 40 C.F.R. § 300.610, the Puyallup Tribe of Indians is trustee for certain natural resources in Commencement Bay.

12.     Pursuant to section 107(f) of CERCLA, 42 U.S.C. § 9607(f),  section 1006 of OPA, 33 U.S.C. § 2706, and 40 C.F.R. § 300.610, the Muckleshoot Indian Tribe is trustee for certain natural resources in Commencement Bay.

## V.  DEFENDANTS

13.     Defendant Foss Maritime Company("Foss") and Maritime Industries Northwest, Inc. ("MINI") are corporations organized under the laws of the State of Washington.

14.     At all times relevant to this Complaint, Foss and MINI did business, and continue to do business, in this district.

15.     Foss operated as a marine construction, repair, refurbishing and maintenance facility from 1925 to 1969, and continues to berth vessels at its facility located on the Waterway at 225 East F Street, Tacoma, Washington.

16.  MINI operates  a marine construction, repair, refurbishing and maintenance facility and has since 1980.  It is located at 313 East F Street, Tacoma, Washington.

17.     Foss' and MINI's properties are facilities within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18.     There have been discharges and releases of hazardous substances and oil into the Middle Waterway from Foss' and MINI's facilities.

COMPLAINT                              - 4 -

1

## VI.  FIRST CLAIM FOR RELIEF

2      19.    Plaintiffs reallege paragraphs 1 through 18.

3      20.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in

4    pertinent part, as follows:

5            Notwithstanding any other provision or rule of law, and subject only
     to the defenses set forth in subsection (b) of this section -
6

7            (1) the owner and operator of a vessel or a facility,

8            (2) any person who at the time of disposal of any hazardous
             substance owned or operated any facility at which such
             hazardous substances were disposed of,
9

10           . . . from which there is a release, or a threatened release
             which causes the incurrence of response costs, of a
             hazardous substance, shall be liable for
11

12                  * * *

13           (C) damages for injury to, destruction of, or loss
             of natural resources, including the reasonable
             costs of assessing such injury, destruction, or loss
14           resulting from such a release;

15                  * * *

16      21.    Materials disposed of and released in the Middle Waterway and

17   Commencement Bay by Foss and MINI include hazardous substances within the

18   meaning of section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

19      22.    The Middle Waterway and Commencement Bay are facilities within

20   the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21      23.    Releases of hazardous substances have occurred in the Middle

22   Waterway and Commencement Bay within the meaning of sections 101(22) of

23   CERCLA, 42 U.S.C. § 9601(22).  The releases of hazardous substances in the

24   Middle Waterway and Commencement Bay from the identified facilities owned or

25   operated by Foss and MINI have resulted in injury to, destruction of, or loss of

26   natural resources within the trusteeship of one or more of the Plaintiffs.

27      24.    Defendants are persons within the meaning of section 107 of

28

COMPLAINT                              - 5 -

1    CERCLA, 42 U.S.C. § 9607.

2        25.    Defendant s are liable to Plaintiffs for natural resource damages

3    resulting from releases of hazardous substances pursuant to section 107(a)(4)(C)

4    of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

5                    VII.  SECOND CLAIM FOR RELIEF

6        26.    Plaintiffs reallege paragraphs 1 through 25.

7        27.    Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides in pertinent

8    part, as follows:

9            Notwithstanding any other provision or rule of law, and
             subject to the provisions of this Act, each responsible
10           party for a vessel or a facility from which oil is
             discharged, or which poses the substantial threat of a
11           discharge of oil, into or upon the navigable waters or
             adjoining shorelines or the exclusive economic zone is
12           liable for the removal costs and damages specified in
             subsection (b) of this section that result from such
13           incident.

14       28.    Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), provides

15   in pertinent part, as follows:

16           Damages for injury to, destruction of, loss of, or loss of
             use of, natural resources, including the reasonable costs
17           of assessing the damage, which shall be recoverable by a
             United States trustee, a State trustee, an Indian Tribe
18           trustee, or a foreign trustee.

19       29.    The properties owned or operated by Foss and MINI were and are

20   facilities within the meaning of sections 1001(9) and 1002 of OPA, 33 U.S.C. §§

21   2701(9) and 2702.

22       30.    Foss and MINI are responsible parties within the meaning of section

23   1001(32) of OPA, 33 U.S.C. § 2701(32).

24       31.    The discharge of oil into the Middle Waterway, Commencement Bay

25   or adjoining shorelines from the identified facilities owned or operated by Foss

26   and MINI has resulted in injury to, destruction of, or loss of natural resources

27   within the trusteeship of one or more of the Plaintiffs.

28

**COMPLAINT**                    - 6 -

U. S. DEPARTMENT OF JUSTICE
601 D  St., NW
Washington, DC 20004
(202) 514-1210

32.     Defendants are liable to Plaintiffs for natural resource damages resulting from discharges of oil pursuant to section 1001 of OPA, 33 U.S.C. § 2701.

## VIII.  THIRD CLAIM FOR RELIEF

33.     Plaintiffs reallege paragraphs 1 through 32.

34.     Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), provides in pertinent part, as follows:

> The discharge of oil or hazardous substances (i) into or upon the navigable waters of the United States, adjoining shorelines, or into or upon the waters of the contiguous zone . . . or which may affect natural resources belonging to, appertaining to, or under the exclusive management authority of the United States . . . in such quantities as may be harmful as determined by the President under paragraph (4) of this subsection, is prohibited . . . .

35.     Section 311(f)(2) of the CWA, 33 U.S.C. § 1321(f)(2), provides in pertinent part, as follows:

> Except where an owner or operator of an onshore facility can prove that a discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United State Government, or (D) an act or omission of a third party without regard to whether an such act or omission was or was not negligent, or any combination of the foregoing clauses, such owner or operator of any such facility from which oil or a hazardous substance is discharged in violation of subsection (b)(3) of this section shall be liable to the United States Government for the actual costs incurred under subsection (c) of this section for the removal of such oil or substance by the United States Government . . . .

36.     Section 311(f)(4) of the CWA, 33 U.S.C. § 1321(f)(4), provides in pertinent part, as follows:

> The costs of removal of oil or a hazardous substance for which the owner or operator of a vessel or onshore or offshore facility is liable under subsection (f) of this section shall include any costs or expenses incurred by the Federal Government or any State government in the restoration or replacement of natural resources damaged

COMPLAINT                          - 7 -

1
2
    or destroyed as a result of a discharge of oil or a hazardous substance in violation of subsection (b) of this section.

3    37.    The identified facilities owned or operated by Foss and MINI are

4  onshore facilities within the meaning of section 311(f)(1) of the CWA, 33 U.S.C.

5  § 1321(f)(1).

6    38.    There have been discharges of oil or hazardous substances in harmful

7  quantities into the Middle Waterway, Commencement Bay and adjoining

8  shorelines from the identified facilities owned or operated by Foss and MINI.

9    39.    Discharges of oil or hazardous substances from the facilities owned

10  or operated by Foss and MINI into the Middle Waterway, Commencement Bay or

11  adjoining shorelines have affected, damaged or destroyed natural resources

12  belonging to, appertaining to, or under the exclusive management authority of the

13  United States.

14    40.    Defendants are liable to the United States and State of Washington

15  for natural resource damages resulting from discharges of oil or hazardous

16  substances into the Middle Waterway, Commencement Bay, or adjoining

17  shorelines pursuant to section 311(f) of the CWA, 33 U.S.C. § 1321(f).

18               IX.  FOURTH CLAIM FOR RELIEF

19    41.    Plaintiffs reallege paragraphs 1 through 40.

20    42.    MTCA, Chapter 70.105D.040 RCW, provides in pertinent part as

21  follows:

22    (1) Except as provided in subsection (3) of this section, the following persons are liable with respect to a facility:

23
24        (a) The owner or operator of the facility;

25        (b) Any person who owned or operated the facility at the time of disposal or release of the hazardous substances;

26        (c) Any person who owned or possessed a hazardous

27  substance and who by contract, agreement, or otherwise arranged for disposal or treatment of the hazardous

28

U. S. DEPARTMENT OF JUSTICE
601 D  St., NW
Washington, DC 20004
(202) 514-1210

1
2
3

substance at the facility, or arranged with a transporter for transport for disposal or treatment of the hazardous substances at the facility, or otherwise generated hazardous wastes disposed of or treated at the facility;

4
5
6
7
8

(d) Any person (i) who accepts or accepted any hazardous substance for transport to a disposal, treatment or other facility selected by such person, from which there is a release or a threatened release for which remedial action is required, unless such facility, at the time of disposal or treatment, could legally receive such substance; or (ii) who accepts a hazardous substance for transport to such a facility and has reasonable grounds to believe that such facility is not operated in accordance with chapter 70.105 RCW; and

9
10
11

(e) Any person who both sells a hazardous substance and is responsible for written instructions for its use if (i) the substance is used according to the instructions and (ii) the use constitutes a release for which remedial action is required at the facility.

12
13

(2) Each person who is liable under this section is strictly liable, jointly and severally, for . . . all natural resource damages resulting from the releases or threatened releases of hazardous substances.

14   43.   Materials disposed of and released in the Middle Waterway and

15   Commencement Bay from the identified sites owned or operated by Foss and

16   MINI include hazardous substances within the meaning of Chapter

17   70.105D.020(10)(c) RCW.

18   44.   The identified sites owned or operated by Foss and MINI are

19   facilities within the meaning of Chapter 70.105D.020(5) RCW.

20   45.   The Middle Waterway and Commencement Bay are facilities within

21   the meaning of Chapter 70.105D.020(4) RCW.

22   46.   Releases or threatened releases of hazardous substances have

23   occurred in the Middle Waterway and Commencement Bay within the meaning of

24   Chapter 70.105D.020 RCW and Chapter 70.105D.040 RCW.

25   47.   The natural resources that have been and continue to be injured,

26   destroyed, or lost by the release of hazardous substances from  the identified

27   facilities owned or operated by Foss and MINI include fish, shellfish,

28

**COMPLAINT**                - 9 -

1   invertebrates, birds, marine sediments, and other such natural resources.

2       48.    The State of Washington has incurred response costs related to the

3   assessment of injury to natural resources caused by the releases of hazardous

4   substances from the identified facilities owned or operated by Foss and MINI.

5       49.    Pursuant to Chapter 70.105D.040(2) RCW, Defendants are jointly

6   and severally liable to the State of Washington for all damages to natural

7   resources in the Middle Waterway and Commencement Bay, resulting from the

8   release of hazardous substances at or from Foss and MINI's identified facilities.

9   X.  REQUEST FOR RELIEF

10       WHEREFORE, Plaintiffs request that this Court enter judgment

11   against Defendants:

12   (1)  For damages for injury to natural resources resulting from the

13   discharges or releases of hazardous substances in the Middle Waterway and

14   Commencement Bay, including the cost of assessing such damages; and

15   (2)  Awarding Plaintiffs such other and further relief as this Court may

16   deem appropriate.

17

18   UNITED STATES OF AMERICA

19

20       ROBERT G. DREHER
    Acting Assistant Attorney General

21       Environment & Natural Resources Division
    U.S. Department of Justice

22       Washington, D.C.  20530

23

24       JENNY A. DURKAN
    United States Attorney

25       Western District of Washington

26       /s Michael J. McNulty

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL J. McNULTY,
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
601 D St., NW
Washington, DC 20004
michael.mcnulty@usdoj.gov

COMPLAINT                                    - 11 -

1  STATE OF WASHINGTON

2                  ROB McKENNA
                Attorney General

3

4

5                  <u>/s Joan Marchioro</u>
                JOAN MARCHIORO

6                  Assistant Attorney General
                2425 Bristol Court S.W.

7                  P.O. Box 40117
                Olympia, WA 98504-0117

8                  (360) 586-4615

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U. S. DEPARTMENT OF JUSTICE
601 D  St., NW
Washington, DC 20004
(202) 514-1210

1  PUYALLUP TRIBE OF INDIANS

2

3                              /s Lisa A. Brautigam
                               LISA A. BRAUTIGAM, WSBA #27877
4                              Tribal Attorney
                               Puyallup Tribe of Indians
5                              3009 E. Portland Avenue
                               Tacoma, WA 98404-4926
6                              (253) 573-7852

7

8

9  MUCKLESHOOT INDIAN TRIBE

10

11                             /s Robert L. Otsea, Jr.
                               ROBERT L. OTSEA, JR.
12                             Muckleshoot Indian Tribe
                               39015 172nd Avenue SE
13                             Auburn, WA 98002
                               (253) 939-3311

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              U. S. DEPARTMENT OF JUSTICE
                                              601 D  St., NW
                                              Washington, DC 20004
   COMPLAINT                    - 13 -        (202) 514-1210

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on April 6, 2011, I caused a true copy of the

3

COMPLAINT to be served on each of the following named persons at his or her

4

last known addresses in the manner indicated below:

5

6

7

8

Foss Maritime Company
WILLIAM F. JOYCE
Salter Joyce Ziker, P.L.L.C.
1601 Fifth Avenue, Suite 2040
Seattle, WA 98101

[ ] Via Hand Delivery
[X] Via E-mail
[X] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X]  Notice of electronic filing using
        CM/ECF

9

10

11

12

Marine Industries Northwest, Inc
WILLIAM F. JOYCE
Salter Joyce Ziker, P.L.L.C.
1601 Fifth Avenue, Suite 2040
Seattle, WA 98101

[ ] Via Hand Delivery
[X] Via E-mail
[X] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X]  Notice of electronic filing using
        CM/ECF

13

14

15

16

JOAN MARCHIORO
Assistant Attorney General
2425 Bristol Court S.W.
P.O. Box 40117
Olympia, WA 98504-0117

[ ] Via Hand Delivery
[X] Via E-mail
[X] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X]  Notice of electronic filing using
        CM/ECF

17

18

19

20

BILL SULLIVAN
Puyallup Tribe of Indians
3009 Portland Avenue
Tacoma, WA 98404

[ ] Via Hand Delivery
[X] Via E-mail
[X] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X]  Notice of electronic filing using
        CM/ECF

21

22

23

24

ROBERT L. OTSEA, JR.
Muckleshoot Indian Tribe
39015 172nd Avenue SE
Auburn, WA 98002

[ ] Via Hand Delivery
[X] Via E-mail
[X] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X]  Notice of electronic filing using
        CM/ECF

25

26

/s/ Michael J. McNulty
MICHAEL J. McNULTY

27

28

COMPLAINT

U. S. DEPARTMENT OF JUSTICE
601 D  St., NW
Washington, DC 20004
(202) 514-1210